**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

**1** Valuation of Security     **0** Assumption of Executory Contract or Unexpired Lease     **0** Lien Avoidance

Last revised: December 1, 2017

# UNITED STATES BANKRUPTCY COURT
## District of New Jersey

In Re: **Joseph P. Sodano**     Case No..: **14-19570**
**Joan Sodano**     Judge: **SLM**

Debtor(s)

## CHAPTER 13 PLAN AND MOTIONS

☐ Original     ☑ Modified/Notice Required     Date: **September 2018**
☑ Motions Included     ☐ Modified/No Notice Required

**THE DEBTOR HAS FILED FOR RELIEF UNDER CHAPTER 13 OF THE BANKRUPTCY CODE.**

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☐ DOES ☑ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☑ DOES ☐ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☑ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney **BCT**     Initial Debtor: **JPS**     Initial Co-Debtor **J S**

**Part 1:  Payment and Length of Plan**

1

a. The debtors have paid to date $52,465.46 to the Chapter 13 Trustee and having satisfied all the provisions set fourth herein and those required under Title 11 U.S.C. respectfully submit that no further plan payments are required.

b. The debtor shall make plan payments to the Trustee from the following sources:
- ☑ Future Earnings
- ☐ Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:
- ☐ Sale of real property
  Description:
  Proposed date for completion: _____

- ☐ Refinance of real property:
  Description:
  Proposed date for completion: _____

- ☐ Loan modification with respect to mortgage encumbering property:
  Description:
  Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

## Part 2: Adequate Protection ☐ NONE

a. Adequate protection payments will be made in the amount of $____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to ____ (creditor).

b. Adequate protection payments will be made in the amount of $ **3,778.15** to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: **Wells Fargo** (creditor).

## Part 3: Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| **Marie-Ann Greenberg** | **Administrative** | **per statute** |
| **Bruce C. Truesdale** | **Attorney Fees** | **1,500.00** |
| **Internal Revenue Service** | **Taxes** | **6,585.03** |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:
☑ None
☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|

2

**Part 4: Secured Claims**

a. **Curing Default and Maintaining Payments on Principal Residence:** ☐ NONE

  The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| | | | | | |

b. **Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☑ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| | | | | | |

c. **Secured claims excluded from 11 U.S.C. 506:** ☑ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
| | | | | |

d. **Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☐ NONE

  1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

3

| Internal Revenue Service | 56 Samson Avenue Madison, NJ 07940<br><br>and<br><br>Personal Property | 6,646.00 | 675,000.00<br><br><br>24,421 | Mortgage Wells Fargo Home Mortgage - 705,000.00 | 24,421 | 3% | $26,263.15*<br><br>*(Plus $6,585.03 to priority claim, see part 3; and $3,769 to General Unsecured, see Part 7C) |

   2.)  Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

e. **Surrender** ☐ NONE

   Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| **Bayview Loan Servicing** | **409 Route 22 Whitehouse Station, New Jersey** | $645,743.00*<br>*(property is surrendered in full satisfaction of debt) | 0.00 |

f. **Secured Claims Unaffected by the Plan** ☐ NONE

   The following secured claims are unaffected by the Plan:

Creditor
**Ford Motor Credit**
**Wells Fargo Bank, N.A.**

g. **Secured Claims to be Paid in Full Through the Plan** ☑ NONE

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|
|  |  |  |

## Part 5:  Unsecured Claims           ☐ NONE

   a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

   ☐     Not less than $___ to be distributed *pro rata*

   ☐     Not less than ___ percent

   ☑     *Pro Rata* distribution from any remaining funds

   b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|

## Part 6:  Executory Contracts and Unexpired Leases       X NONE

   (NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

4

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| | | | | |

## Part 7: Motions  ☐ NONE

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form,** *Notice of Chapter 13 Plan Transmittal,* **within the time and in the manner set forth in D.N.J. LBR 3015-1.** *A Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* **must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a. **Motion to Avoid Liens under 11 U.S.C. Section 522(f).** ☑ NONE
The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

b. **Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☑ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| | | | | | | |

c. **Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☐ NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| **Internal Revenue Service** | **Personal Property** | **$39,505.19** | **$24,421** | **$24,421** | **$3,769.00 (or remaining balance of amount owed)** |

## Part 8: Other Plan Provisions

a. **Vesting of Property of the Estate**
 ☑ Upon Confirmation
 ☐ Upon Discharge

b. **Payment Notices**
Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or

5

coupons to the Debtor notwithstanding the automatic stay.

    **c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:
1) Ch. 13 Standing Trustee Commissions
2) **Other Administrative Claims**
3) **Secured Claims**
4) **Lease Arrearages**
5) **Priority Claims**
6) **General Unsecured Claims**

    **d. Post-Petition Claims**

The Standing Trustee ☐ is, ☑ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

**Part 9: Modification** ☐ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.
Date of Plan being modified: **May 2014**.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| FIRST MODIFIED PLAN: The Plan is being modified to facilitate debtors' surrender of any interests they hold in property located at 409 Route 22 Whitehouse Station, NJ in full satisfaction.<br><br>SECOND MODIFIED PLAN<br>This Plan is being modified to seek a Modification of Wells Fargo Mortgage Directly with Wells Fargo Mortgage Company. Debtors will continue to make full monthly payments to Wells Fargo as Adequate Protection. The Monthly Plan Payment beginning at Month 13 is to be increased to $1,000.00 per month. The Judgment Liens of the State of New Jersey for Judgments obtained in 1995 and 1997 are being stripped off.<br><br>THIRD MODIFIED PLAN<br>The Plan is being modified to recognize the extent of the secured status of the IRS lien based upon the value of the debtors' personal property. One lien being paid in full and one lien is being modified to partially void the lien and reclassify the underlying claim as partially secured and partially unsecured. This Plan also recognizes the payment of the IRS's Priority Claim. The time in which to sell debtors' home has been extended by 3 months, if necessary.<br><br>FOURTH MODIFIED PLAN<br>The Plan is being modified to increase the time in which the debtors' have to obtain their mortgage | FIRST MODIFIED PLAN<br>The Plan contemplates the surrender of debtors' interest in<br>property located at 409 Route 22 Whitehouse Station, NJ in full satisfaction.<br><br>SECOND MODIFIED PLAN<br>Debtors will be seeking to obtain a modification directly<br>with Wells Fargo Mortgage within 6 months. Motions to Strip off the Judgment Liens of the State of New<br>Jersey Division of Taxation have been added to the Plan to<br>eliminate the secured status of those claims.<br><br>THIRD MODIFIED PLAN<br>The Plan has been modified to pay the IRS's Priority Claim<br>at Part 3; to modify the IRS's lien as partially secured and<br>partially unsecured at Parts 4b and 7c; to remove two IRS's liens from section 7b as they are no longer being reduced to zero value and to list the IRS lien being paid in full at Part 4e. The date by which to sell debtors' home has been extended to 12/1/2015. Plan payment has also been<br>increased to $1,300.00 per month going forward.<br><br>FOURTH MODIFIED PLAN |

6

| | |
|---|---|
| modification or sell their residence as the debtors' mortgage modification application is currently in the Wells Fargo Home Mortgage Office of the President undergoing review with no further documents required at this time.<br><br>APRIL 2016 MODIFIED PLAN<br>The Plan is being modified to increase the time in which the debtors' have to obtain their mortgage modification as the debtors' mortgage modification application is currently in the Wells Fargo Home Mortgage Office of the President undergoing review with no further documents required at this time. The Lien Treatment of the IRS has been clarified and the numbers conformed to the value of debtors' personal property securing the IRS Claim and the figures included in the IRS' most recent amended claim filed in February 2016. The State of New Jersey Claims have been expunged pursuant to Court Order of 9/14/2015 are are no longer listed in the Plan.<br><br>SEPTEMBER 2016 MODIFIED PLAN<br>Plan is being modified to extend the date by which the Debtors have to obtain a loan modification. Time is needed to complete the process as the Debtors diligently work with their mortgage company.<br><br>MARCH 2017 MODIFIED PLAN<br>Plan is being modified to change treatment of debtors' Real Property in the Plan from Modification to Sale.<br><br>DECEMBER 2017 MODIFIED PLAN<br>Plan is being modified to change treatment of Debtors' real property in the Plan from sale to modification. Debtors are in an active loss mitigation period and are diligently pursuant a loan modification.<br><br>AUGUST 2018 MODIFIED PLAN<br>Debtors are no longer pursuing a loan mod through their bankruptcy case and having satisfied all other requirements are now seeking to complete their plan and obtain a discharge<br><br>SEPTEMBER 2018 MODIFIED PLAN<br><br>The mortgage arrears cannot be dealt with inside the plan are unaffected by the plan and the lien remains in place. | The Plan has been modified to extend the date by which the Debtors must complete their mortgage modification to April 30, 2016.<br><br>APRILS 2016 MODIFIED PLAN<br>Time to complete mortgage modification has been extended. IRS claim treatment has been clarified and adjusted to comport with the value of the debtors' personal<br>property which secures the IRS' claim and the 4th amended IRS claim filed February 2016. State of New Jersey Motion was removed from the Plan as separate motion was filed and Order entered September 14, 2015.<br><br>SEPTEMBER 2016 MODIFIED PLAN<br>Part 1 section C was modified to change the proposed<br>completion date for a loan modification to 02/01/2017<br><br>MARCH 2017 MODIFIED PLAN<br>Plan is being modified to change treatment of debtor's Real Estate in the Plan. Modified Plan is a Sale Plan.<br><br>DECEMBER 2017 MODIFIED PLAN<br>The treatment of Debtors' real property in part 1 of the plan was changed from sale to modification.<br><br>AUGUST 2018 MODIFIED PLAN<br>Part 1 has been changed to remove any notations about a loan modification and to remove any future plan payments<br><br>SEPTEMBER 2018 MODIFIED PLAN<br><br>Any reference to curing mortgage arrears in Part 4A have been removed. Mortgage is now listed as entirely unaffected by plan in Part 4F |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☑ No

**Part 10 : Non-Standard Provision(s): Signatures Required**

    Non-Standard Provisions Requiring Separate Signatures:

7

☑ NONE
☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

| Date | **September 18, 2018** | **/s/ Bruce C. Truesdale** |
| --- | --- | --- |
| | | **Bruce C. Truesdale** |
| | | Attorney for the Debtor |
| Date: | **September 18, 2018** | **/s/ Joseph P. Sodano** |
| | | **Joseph P. Sodano** |
| | | Debtor |
| Date: | **September 18, 2018** | **/s/ Joan Sodano** |
| | | **Joan Sodano** |
| | | Joint Debtor |

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

| Date | **September 18, 2018** | **/s/ Bruce C. Truesdale** |
| --- | --- | --- |
| | | **Bruce C. Truesdale** |
| | | Attorney for the Debtor |

I certify under penalty of perjury that the above is true.

| Date: | **September 18, 2018** | **/s/ Joseph P. Sodano** |
| --- | --- | --- |
| | | **Joseph P. Sodano** |
| | | Debtor |
| Date: | **September 18, 2018** | **/s/ Joan Sodano** |
| | | **Joan Sodano** |
| | | Joint Debtor |

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                                                                                    Best Case Bankruptcy